TROY SAV. BANK v. MORRISON et al.

(Supreme Court, Appellate Division, Third Department.   March 21, 1898.)

RECEIVERS—AUTHORITY TO DEFEND—REFERENCE TO COUNSEL.

An order, on motion of a receiver for leave to defend in a certain action, authorizing him to employ counsel to advise him as to a defense, and to defend if so advised, though unobjectionable in authorizing him to take the advice of counsel, was improperly granted so far as it allowed such counsel to determine whether a defense should be interposed, as such question was one to be determined by the court, when properly presented.

Appeal from special term.

Action by the Troy Savings Bank against Lucy Ann Morrison and others for the foreclosure of a mortgage on certain land through which the Lebanon Springs Railroad passes.   From an order authorizing Elnathan Sweet, as receiver of said railroad company, to defend therein, the railroad company appeals.   Modified.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Edward Winslow Paige, for appellant.
A. & W. Lansing (Abraham Lansing, of counsel), for respondent.

PER CURIAM.   The court below, on the motion of the defendant Elnathan Sweet, as receiver of the Lebanon Springs Railroad, for leave to interpose a defense to the action, authorized him to employ counsel to advise him as to a defense, and to defend the same if so advised.   In other words, the court referred the question submitted to it as to the interposition of a defense to the receiver's attorney instead of passing on the application itself.   The order was unobjectionable as far as it authorized the receiver to take the advice of counsel as to a defense, but improperly granted as far as it allowed the receiver's attorney to determine whether a defense should be interposed.   Whether or not the receiver should litigate the claim of the plaintiff under the mortgage set out in the complaint was a question for the court to pass upon on the presentation to it of a proper petition or affidavit.   The order should be modified in pursuance of this memorandum, without prejudice to the right of the receiver to apply to the court for leave to defend the action on a proper petition showing reasons therefor, without costs to either party.